

# NUMBER 13-17-00532-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LEONEL OBALLE JR.,                                            Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 36th District Court
## of San Patricio County, Texas.

# MEMORANDUM OPINION
**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

The State charged appellant Leonel Oballe Jr. with assault of a family member, impeding breath, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West, Westlaw through 2017 1st C.S.). On July 29, 2013, Oballe pleaded guilty to the indictment, and the trial court deferred adjudication and placed Oballe on community supervision for five years.

During the course of Oballe's community supervision, the State filed three motions to revoke and adjudicate guilt against Oballe. On May 30, 2014, the State filed the first motion alleging Oballe violated several conditions of community supervision, including consuming alcohol and marijuana, failing to report to his supervision officer, and withdrawing from the required Batterers Intervention program.[1] On September 5, 2014, Oballe was adjudicated and sentenced to ten years' imprisonment in the Texas Department of Criminal Justice–Institutional Division (TDCJ–ID), but the trial court probated the sentence and placed Oballe on community supervision for a period of six years. On February 19 2015, the trial court modified and continued Oballe on community supervision, adding the condition of GPS monitoring. On July 13, 2015, the State filed its second motion to revoke alleging Oballe violated additional conditions of community supervision, including failing to comply with the GPS monitoring, consuming alcohol, and failing to report to his probation officer and submit to urinary analysis. On January 22, 2016, the trial court continued Oballe on probation adding that he attend a program at the Substance Abuse Felony Punishment Treatment Facility (SAFPF), complete a sixty-day home confinement upon his release from SAFPF, outpatient treatment, placement on the substance abuse caseload probation, curfew throughout the term of probation, and no synthetic marijuana usage. On November 8, 2016, the State filed its third motion to revoke probation alleging additional violations of probation by Oballe. The violations included that he: (1) failed to successfully complete the Avalon Residential Treatment Center program; (2) withdrew himself from the Avalon Residential Treatment Center program without the

---

[1] A Batterers Intervention and Prevention (BIP) program is a group counseling program that specializes in family violence intervention and prevention of battering behaviors in an intimate relationship, marriage, or family. See TEX. CODE CRIM. PROC. ANN. art. 142.141 (West, Westlaw through 2017 1st C.5.)

trial court's permission; and (3) failed to report a change of address within two days to his community supervision officer, as required.

On August 16, 2017, Oballe pleaded true to all the allegations contained in the State's motion to revoke and offered testimony before the trial court. Oballe stipulated to the revocation report filed as Exhibit A from the probation department. Following the testimony, the trial court found the grounds alleged in the State's motion to revoke probation to be true, revoked Oballe's community supervision, and sentenced him to ten years' imprisonment in TDCJ–ID. Oballe was granted the right to a limited appeal since his sentence was not a plea bargain with the State. Oballe's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, Oballe's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State* and *Kelly v. State*, Oballe's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014). Oballe's appellate counsel also notified this Court that he: (1) notified Oballe that he has filed an *Anders* brief and a motion to withdraw; (2) provided Oballe with copies of both pleadings; (3) informed Oballe of his rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; (4) provided Oballe with a copy of the appellate record; and (5) informed Oballe that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Oballe did not file a pro se response.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether to case presents any meritorious issues." *See In re Schulman*, 252 S.W.3d 403, 407 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

4

trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record, counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, Oballe's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Oballe and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary

## IV. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
22nd day of March, 2018.

---

review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.